TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Matthew Williams

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Matthew Williams,<br><br>    Plaintiff,<br><br> vs.<br><br>Enhanced Recovery Company, LLC;<br>Equifax Information Services, LLC,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT;**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**3. THE FAIR CREDIT REPORTING ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Matthew Williams (hereafter "Plaintiff"), by undersigned counsel, brings the following Complaint against Enhanced Recovery Company, LLC (hereafter "ERC") and Equifax Information Services, LLC (hereafter "Equifax") (collectively referred to hereafter as "Defendants") and alleges as follows:

## JURISDICTION

1. This action arises out of ERC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act") This action further arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FRCA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Carnelian Bay, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. ERC is a business entity located in Jacksonville, Florida, and is a "person" as the term is defined by 47 U.S.C. § 153(39), Cal Civ. Code § 1788.2(g) and 15 U.S.C. § 1681a(b).

7. ERC uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. ERC, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

9. Equifax is a business entity located in Atlanta, Georgia, is a "person" as defined by 15 U.S.C. § 1681a(b) and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant ERC.

11. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. At all times mentioned herein where ERC communicated with any person via telephone, such communication was done via ERC's agent, representative, or employee.

13. Plaintiff has been a loyal customer of AT&T for many years.

14. In 2008, Plaintiff moved to Hawaii and requested a local telephone number from AT&T.

15. In order to obtain a local telephone number, AT&T instructed Plaintiff to close his previous account with them and to open a new account.

16. Upon information and belief, Plaintiff's previous AT&T account was closed with a balance still owing.

17. In May of 2011, Plaintiff spoke with AT&T in order to resolve this past due amount.  During that conversation, AT&T acknowledged that some charges were in error, made corrections, and stated an adjusted balance due of $347.34.

18. Within days, Plaintiff paid the adjusted balance of $347.34 in full and zeroed out the account.

19. Sometime thereafter, Plaintiff signed up for a credit monitoring service through an online company named Credit Karma.

20. In March of 2015, Credit Karma notified Plaintiff that a new account had been reported on his consumer report by ERC.

21. Plaintiff checked his credit report and saw that Defendant Equifax reported an ERC trade line with account number 4780**** ("Errant Trade Line") as

an account "in collections" with a balance due of $102.00, and referenced AT&T as the original creditor.

22. On or about March 13, 2015, Plaintiff called ERC to dispute that the debt was owed and to request proof of the debt.

23. ERC responded that it would note Plaintiff's file and that it would mail verification of the alleged debt within forty-five (45) days.

24. The same day, Plaintiff opened a dispute regarding the Errant Trade Line with Equifax.

25. On or about March 18, 2015, Equifax notified Plaintiff that it had concluded its "reinvestigation" of the matter, stating "We have verified that this item has been reported correctly."

26. On or about March 19, 2015, Plaintiff mailed a letter to ERC in which he continued to dispute the alleged debt and requested the same documented proof of the alleged debt that ERC provided to Equifax.

27. ERC did not respond to Plaintiff's letter.

28. On or about May 2, 2015, Plaintiff called ERC to complain that he had not yet received proof of the alleged debt. During the conversation, ERC stated that AT&T could not verify the debt because the debt had been sold to another entity, which ERC failed to name. ERC further stated that it would send Plaintiff "something" within forty-five (45) days.

29. The same day, Plaintiff called AT&T and spoke with an agent named Eric. Eric stated that AT&T's records did not indicate that Plaintiff owed a past-due balance and stated that it had no records that any account in Plaintiff's name had been sent to collections.

30. On or about May 4, 2015, Plaintiff again contacted AT&T to complain about the collection efforts of ERC. AT&T responded by opening a case (case # CM20150504-102419427) and stated that it would contact ERC to request that the collection activity cease.

31. On or about May 7, 2015, Plaintiff opened another dispute regarding the Errant Trade Line with Equifax.

32. On or about May 11, 2015, ERC sent a letter to Plaintiff in which ERC stated, "[W]e have contacted our client, who has confirmed the name and address listed on the account as well as the amount owed."

33. Upon information and belief, ERC never contacted AT&T and never confirmed that the alleged debt was owed.

34. The same day, Equifax notified Plaintiff that it had concluded its "reinvestigation" of the matter, stating "We have verified that this item has been reported correctly." There was no indication that the Errant Trade Line was disputed by Plaintiff.

35. On or about May 13, 2015, Plaintiff emailed AT&T to again complain about the collection efforts of ERC, to provide AT&T with a copy of the Errant Trade Line, and to again request AT&T's intervention.

36. On or about May 14, 2015, Plaintiff filed a complaint with the California Attorney General's office.

37. On or about May 18, 2015, ERC responded to the above -mentioned complaint, acknowledging that Plaintiff had disputed the allege debt, stating that it had reported the Errant Trade Line as disputed and enclosing a copy of an AT&T bill dated January 7, 2009.

38. Despite Plaintiff numerous requests for verification of the alleged debt, ERC's May 18, 2015 letter to the California Attorney General is the fist time Plaintiff was provided with any proof of the alleged debt.

39. On or about May 22, 2015, Plaintiff emailed AT&T and reiterated his previous conversations, wherein AT&T stated that it had no record of a balance due on any account belonging to Plaintiff. Plaintiff further requested a follow up to his earlier complaints regarding collection efforts by ERC.

40. On or about June 6, 2015, Plaintiff once again opened a dispute regarding the Errant Trade Line with Equifax.

41. On or about June 8, 2015, Equifax notified Plaintiff that it had concluded its "reinvestigation" of the matter, stating "We have verified that this item has been

reported correctly." There was no indication that the Errant Trade Line was disputed by Plaintiff.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY ERC

42. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

43. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

44. ERC attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

45. ERC engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

46. ERC used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

47. ERC communicated with a consumer-reporting agency and provided false credit information and/or failed to communicate that the alleged debt is disputed, in violation of 15 U.S.C. § 1692e(8).

48. ERC used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

49. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

50. Plaintiff was harmed and is entitled to damages as a result of ERC's violations.

## COUNT II

### VIOLATIONS OF THE ROENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### BY ERC

51. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

52. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

53. ERC did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

54. Plaintiff was harmed and is entitled to damages as a result of ERC's violations.

# COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ERC

55. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

56. After being informed by Equifax and Trans Union of Plaintiff's consumer disputes to the Errant Trade Line, ERC negligently failed to conduct a proper reinvestigation of those disputes as required by 15 U.S.C. § 1681s-2(b).

57. ERC negligently failed to review all relevant information available to it as provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to review Plaintiff's credit report and rectify any errors revealed therein.

58. The Errant Trade Line is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union, to which ERC is reporting such trade line.

59. As a direct and proximate cause of ERC's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

60. Plaintiff has a private right of action to assert claims against ERC arising under 15 U.S.C. § 1681s-2(b).

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ERC

61. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

62. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, ERC willfully failed to conduct a proper reinvestigation the dispute.

63. ERC willfully failed to review all relevant information available to it as required by 15 U.S.C. § 1681s-2(b).

64. As a direct and proximate cause of ERC's willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

65. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

66. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

67. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

68. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

69. After receiving Plaintiff's consumer disputes to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

70. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

71. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

72. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

73. After receiving Plaintiff's consumer disputes to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

74. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant ERC for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

F. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

G. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), Cal. Civ. Code § 1788.30(c); 15 U.S.C. § 1681o(a)(2), and15 U.S.C. § 1681n(a)(3);

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Equifax for:

A.  Actual damages pursuant to 15 U.S.C. § 1681o(a)(1)(A);

B.  Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), and 15 U.S.C. § 1681n(a)(3); and

D.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 9, 2015            TRINETTE G. KENT

By: _/s/  Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Matthew Williams

COMPLAINT FOR DAMAGES